J-S22005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANNY CANDELARIO | : | |
| | : | |
| Appellant | : | No. 1948 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 19, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000108-2021

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 22, 2022**

Danny Candelario appeals from the judgment of sentence imposed after a jury convicted him of simple assault.  We remand for additional proceedings.

On October 1, 2020, Appellant was charged with simple assault and summary counts of harassment and disorderly conduct stemming from a physical altercation with his neighbor.  At trial, Appellant argued that he acted in self-defense.  N.T., 7/12/21, at 16-17, 111-115.  After hearing the evidence and the arguments of counsel, the jury convicted Appellant of simple assault and the trial court found him not guilty of the summary offenses.  On August 19, 2021, the court imposed twelve to twenty-four months of imprisonment.  Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence, which the court denied on August 31, 2021.

Appellant filed a *pro se* notice of appeal on September 10, 2021. Four days later, his counsel filed a motion requesting leave to withdraw from representation because Appellant "verbally dismissed" him and indicated a desire to proceed *pro se*. Motion to Withdraw, 9/14/21, at ¶ 7. On September 20, 2021, Appellant filed a second *pro se* notice of appeal,[1] referencing the judgment of sentence and "ineffectiveness of counsel." Notice of Appeal, 9/20/21, at 1. On the same day, the trial court issued an order directing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel never filed the court-ordered Rule 1925(b) statement. Acting *pro se*, Appellant subsequently filed a "statement of reasons" in which he asserted that his counsel was ineffective and requested the appointment of a new attorney. Statement of Reasons, 11/12/21, at 1.

Thereafter, counsel filed with this Court an application for leave to withdraw as counsel, and we issued an order directing the trial court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On November 23, 2021, the trial court granted counsel's request to withdraw and permitted Appellant to proceed *pro se*. Order, 11/23/21, at 1. Appellant subsequently filed motions with the trial court asserting that he never agreed to proceed *pro se* and requesting the appointment of new counsel. Motion for Legal Representation, 2/16/22, at ¶ 2; Motion for Relief,

---

[1] This Court later dismissed, as duplicative, an appeal at 1949 EDA 2021 that was initiated by the second notice of appeal.

- 2 -

2/16/22, at ¶¶ 1-4.  The trial court denied those motions on March 1, 2022.[2]

Order, 3/1/22, at 1.

Appellant presents the following questions for our review:

I.      Whether the jury's verdict was not supported by sufficient evidence where, the Commonwealth failed to meet its burden of proving that Appellant intentionally, knowingly, or recklessly caused bodily injury to the alleged victim?

II.     Whether the aggregate sentence imposed was "clearly unreasonable?"

III.    Whether the trial court erred as a matter of law and/or abused its discretion in its ruling(s) after an alleged conducting of an on-the-record hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998)[,] in rendering a determination that Appellant waived his constitutional right on direct appeal knowingly, intelligently and voluntarily?

Appellant's brief at 4.

Before we address the merits of Appellant's claims, we must determine whether he has preserved them for our review.  The trial court advised this Court that because Appellant failed to comply with its order pursuant to Pa.R.A.P. 1925, we should consider that failure to constitute "a waiver of all objections" to the judgment of sentence.  Statement of Reasons, 11/12/21, at 1.  Accordingly, there is no trial court opinion addressing the merits of Appellant's claims.

---

[2] This Court also received copies of those motions and denied them without prejudice to Appellant's right to apply to the trial court for the requested relief. Order, 4/25/22, at 1.

Here, the trial court issued its order pursuant to Pa.R.A.P. 1925 on September 21, 2021, and Appellant was represented by counsel at that time and until November 23, 2021. Generally, the failure to file an ordered statement of issues complained of on appeal pursuant to Pa.R.A.P. 1925(b) constitutes a waiver of all claims on appeal. *See Commonwealth v. Carr*, 227 A.3d 11, 18 (Pa. Super. 2020) (observing that appellants must comply with a trial court's order to file a 1925(b) statement in order to preserve their claims for appellate review, and any issues not raised in a 1925(b) statement will generally be waived); Pa.R.A.P. 1925(b)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). Since Appellant was represented by counsel throughout the entire period to file a timely 1925(b) statement, and counsel failed to comply, the omission amounts to *per se* ineffective assistance of counsel, which calls for a remand rather than waiver. *See* Pa.R.A.P. 1925(c)(3) (providing that when counsel fails to file a timely Rule 1925(b) statement, this Court "is convinced that counsel has been *per se* ineffective," and the trial court did not file an opinion, we may remand for the filing of an opinion by the trial court).

At Appellant's *Grazier* hearing, he twice asserted that his then-appointed counsel had failed to file a Rule 1925(b) statement:

> [Appellant]: Well, I do not want [counsel] representing me because he was ineffective. You actually put in two motions then, and he has not even answered them. You put an order in on . . . September 20th for a concise statement of matters. [Counsel] did not even answer that motion. You put in another order on

- 4 -

November 2nd for [a] statement of reason[s]. He did not even answer that which proves he's ineffective. He's not, he doesn't have my best interests at heart. So why would I continue with [counsel] and he has not even filed answers to your orders?

The Court: Okay. And I appreciate that, sir. I understand what you're saying to me, but the Court is not required to appoint you a new public defender.

. . . .

[Appellant]: Concise statement of matters is very important on an appeal, and he failed to even answer your order on that. You sent him another order on November 2nd, and he failed to answer that one which is a statement of reason[s]. He's not even answering your orders.

The Court: Okay.

N.T., 11/22/21, at 7, 9. When the court asked counsel about the failure to file a Rule 1925(b) statement, counsel did not dispute that omission:

[Counsel]: Your Honor, Mr. Candelario dismissed me, and then out of an abundance of caution, I filed the Motion to Withdraw as Counsel. He's filing things on his own with those. So, I am prepared to do the appeal, if he wants me to do the appeal. I certainly will vigorously and zealously represent him as is my obligation.

N.T., 11/22/21, at 9-10.

In this circumstance, the failure to file an ordered Rule 1925(b) statement is attributable to *per se* ineffective assistance rather than a dereliction on Appellant's part. ***See Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*) ("The complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all

- 5 -

issues on appeal."). Moreover, because the trial court has not filed an opinion addressing the issues sought to be raised on appeal, remand is necessary for the filing of a Rule 1925(b) statement *nunc pro tunc*. As the *per se* ineffectiveness occurred prior to the **Grazier** hearing where Appellant was given the Hobson's choice of either proceeding with his then-ineffective counsel or proceeding *pro se*, we additionally conclude that remand is necessary for the appointment of new counsel to assist Appellant with complying with Rule 1925.

Accordingly, we remand this matter for the trial court to appoint new counsel for Appellant within fourteen days of the date of this memorandum. New counsel shall file a Rule 1925(b) statement with the trial court within twenty-one days of the date of appointment, unless extended by the trial court. The trial court is directed to file a Rule 1925(a) opinion within thirty days of the filing of the Rule 1925(b) statement. Thereafter, the trial court shall certify the record, including the Rule 1925(b) statement and its opinion, and transmit the certified record to this Court.

Case remanded with instructions. Jurisdiction retained.